CASE 40—PETITION EQUITY—JUNE 7.

## Danforth, &c., v. Moss.

APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

AN ACTION FOR DIVISION OF LAND AND ALLOTMENT OF DOWER under chapter 15, title 10, Civil Code, must be brought in the circuit or county court of the county in which the land, or a greater part thereof, lies; and the court, having acquired jurisdiction for the purpose, may divide or allot dower in lands lying in any other county. But a separate action for the sale of land under chapter 14, title 10, of the Code may be brought by the heirs in the county in which the land lies.

HARGIS & EASTIN FOR APPELLANTS.

This is not an action embraced by section 66 of the Civil Code of Practice, but is an action under section 490 of the Code, which, by the express provisions of section 62, subdivision 3, *must* be brought in the county in which the subject of the action is situated; therefore, the McCracken Court of Common Pleas, and that court alone, has jurisdiction.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellants, heirs-at-law of E. D. Standiford, instituted an action in the McCracken Court of Common Pleas for sale of certain land in that county left by him at his death, for the causes and upon grounds provided in section 490, Civil Code; and all the provisions thereby required having been complied with, judgment was rendered for the sale, which was, in pursuance thereof, made by commissioner of court, appellee, Thomas E. Moss, becoming the purchaser. But exceptions having been filed by him were sustained by the court, the sale set aside and the sale bond quashed, upon the ground the court had no jurisdiction.

It appears there had been previously instituted in the Jefferson Chancery Court, county of E. D. Standiford's · residence at time of his death, an action for division of the lands left by him amongst his heirs, and allotment of dower to his widow; and by proceedings had in that action, such division and allotment of dower was made of the lands lying in that county; but no disposition was made nor judgment rendered in that action respecting the lands lying in McCracken county, the sale of which is sought in this action.

An action for division of ˙ land and allotment of dower, which are provided for in chapter 15, title 10, Civil Code, must be brought in the circuit or county court of the county in which the land, or greater part thereof, lies; and the court having acquired jurisdiction for the purpose, might divide or allot dower in lands lying in any other county. But di-

vision of land and allotment of dower provided for
in chapter 15 does not involve, nor does an action
brought for that purpose necessarily comprise, a sale
of real property provided for in chapter 14, title 10.
On the contrary, for the various causes and purposes
mentioned in chapter 14, there may be sales of real
property belonging to joint owners, lying even in the
same county where other tracts are situated, that they
may, by a separate action, have divided.

Subsection 3, section 62, Civil Code, provides that
actions must be brought in the county in which the
subject of the action is situated for sale of real prop-
erty under title 10, chapter 14, except for debts of a
decedent.

The sale in this action was not for debts of the
decedent, nor did the widow have a claim to dower
in the lands, but it was for the purpose of dividing
the proceeds among joint owners, it not being prac-
ticable to divide the land without materially impair-
ing its value.    We think the McCracken Court of
Common Pleas had jurisdiction, and it was error to
sustain exceptions to the report of sale; instead, the
report ought to have been confirmed.

. Wherefore, the judgment sustaining the exceptions
is reversed, and cause remanded for proceedings con-
sistent with this opinion.